UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| Herschel Collins, | |
| *Plaintiff*, | |
| | |
| v. | Civil No. 3:06cv1643 (JBA) |
| | |
| Blumenthal, et al., | |
| *Defendants*. | |

**RULING ON PLAINTIFF'S MOTION FOR RECONSIDERATION [Doc. # 36]**

Plaintiff Herschel Collins moves for reconsideration of the Court's ruling [Doc. # 34] dismissing his complaint against Defendants. For the reasons set forth below, his motion is denied.

**I.  Standard**

Motions for reconsideration are implicitly authorized by Local Rule of Civil Procedure 7(c)1, which provides that such motions

> shall be filed and served within ten (10) days of the filing of the decision or order from which such relief is sought, and shall be accompanied by a memorandum setting forth concisely the matters or controlling decisions which counsel believes the Court overlooked in the initial decision or order.

D. Conn. L. Civ. R. 7(c)1. The Second Circuit has explained that "[t]he major grounds justifying reconsideration are 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (quoting 18B C. Wright, A. Miller, & E. Cooper, *Federal Practice & Procedure* § 4478 (2d ed. 2007)). This standard is "strict," however, and reconsideration should be granted only if "the moving

party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). If "the moving party [is] seek[ing] solely to relitigate an issue already decided," the court should deny the motion for reconsideration and adhere to its prior decision. *Id.*

## II.  Discussion

Mr. Collins filed a complaint on October 18, 2006 in which he alleged that Defendants violated his civil and constitutional rights by conspiring to deprive him of due process, falsely arresting and imprisoning him, violating his Fifth Amendment right against double jeopardy, operating a racially discriminatory court system, and conspiring to kill him. On April 9, 2007, Defendants moved to dismiss the case on the grounds of immunity, the *Younger* doctrine, lack of subject matter jurisdiction, insufficiency of process, and failure to state a claim upon which relief can be granted. On October 5, 2007, the Court gave Plaintiff express notice [Doc. # 23] that his failure to oppose Defendants' motion or request extension of time to do so may result in dismissal of this case. At the same time, the Court extended until October 18, 2007 the deadline for him to file such opposition. On November 7, 2007, in the absence of any response from Mr. Collins related to Defendants' pending motion to dismiss,[1] and after full review of the grounds for Defendants' motion, the Court dismissed

---

[1] On October 23, 2007, Mr. Collins filed a motion [Doc. # 31] for an injunction to transfer his then-pending housing-court case to federal court, which this Court denied on October 29, 2007 [Doc. # 32].

the complaint in accordance with the local rules of this district, which provide that "failure to submit a memorandum in opposition to a motion may be deemed sufficient cause to grant the motion." D. Conn. L. Civ. R. 7(a).

Twenty days after the Court dismissed the case, Mr. Collins submitted a "Reinstatement of Dismissal," which this Court construes as a motion for reconsideration in accordance with the "well established" rule that "the submissions of a *pro se* litigant must be construed liberally and interpreted 'to raise the strongest arguments that they *suggest*.'" *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (emphasis in original) (citation omitted). While this Court is mindful that it must not allow a *pro se* litigant's "rights to 'be impaired by harsh application of technical rules,'" *In re Sims*, 534 F.3d 117, 133 (2d Cir. 2008) (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)), the rule in favor of liberal construction cannot save *pro se* litigants who do not present cognizable arguments. *Cf. Iwachiw v. New York City Bd. of Elections*, 126 Fed.App'x 27, 29 (2d Cir. 2005) (affirming dismissal of *pro se* complaint "even under the liberal construction applicable to *pro se* complaints") (citation omitted).

Regardless of how liberally the Court construes Mr. Collins's motion for reconsideration, it must be denied as both untimely and without merit. The local rules of this district require motions for reconsideration to be "filed and served within ten (10) days of the filing of the decision or order from which such relief is sought." D. Conn. L. Civ. R. 7(c)1. The Court dismissed the case on November 7, 2007, and Mr. Collins filed his motion

for reconsideration on November 27, 2007. Excluding weekends and legal holidays, Mr. Collins's motion is untimely by three days.[2] Even if Mr. Collins's motion for reconsideration were construed to include, *sub silentio*, a motion for extension of time, no "good cause" for his delay has been offered as required. D. Conn. L. Civ. R. 7(b)2.

The Court's application of the ten-day rule is not an inappropriately "harsh application of [a] technical rule[]," *In re Sims*, 534 F.3d at 133, because even if timely filed, Plaintiff's grounds for reconsideration are meritless. Mr. Collins's motion for reconsideration claims his right to a jury trial has been abridged by dismissal of his complaint, but does not address the grounds for Defendants' motion to dismiss, which this Court reviewed and deemed to warrant dismissal.

Mr. Collins has not pointed to any "matters or controlling decisions which [he] believes the Court overlooked" when it dismissed the case, as required by local rule. His motion raises no "matters . . . that might reasonably be expected to alter the conclusion reached by the court." *Shrader*, 70 F.3d at 257. In addition to alleging violations of the Seventh Amendment and the Supremacy Clause of the U.S. Constitution and Federal Rule of Civil Procedure 39, Plaintiff alleges deficiencies in relation to a "fiduciary bond" held by this Court as well as court bias against him, i.e., "discrimination based on my ra[c]e, color

---

[2] Pursuant to Fed. R. Civ. P. 6(a)(2), Saturdays, Sundays, and legal holidays are excluded from time computations where, as here, the period in question is fewer than 11 days. The Court dismissed this case on November 7, 2007; Mr. Collins's motion for reconsideration was thus due on November 21, 2007.

and national origin," and this Court's having dismissed his case because of a "ra[]cial problem with [Plaintiff] because of his color." (Pl.'s Mot. Recons. at 2–3.) Finally, Mr. Collins asserts that this Court has a "conflict of interest" as manifested by its dismissal of this case and prior cases[3] because it is "siding with the attorneys of the same club membership against *pro se* Plaintiff." (*Id.*)

Plaintiff's ground for reconsideration that dismissal abridges his jury trial right overlooks the reality that no jury trial right exists for a deficient complaint, and Plaintiff has never addressed the merits of Defendants' motion to dismiss.

Mr. Collins's claims of judicial bias and conflict of interest are both unsubstantiated and do not constitute "manifest injustice" resulting from dismissal of this case, which harm Mr. Collins specifies only as violation of his right to a jury trial.

## III.    Conclusion

For the foregoing reasons, Plaintiff's Motion for Reconsideration [Doc. # 36] is DENIED.

IT IS SO ORDERED.

/s/
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 10th day of September, 2008.

---

[3] This Court has previously dismissed two cases brought by Mr. Collins. *Collins v. West Hartford Police Dep't, et al.*, No. 3:04cv1024 (D. Conn. 2005); *Collins v. Blumenthal, et al.*, No. 3:94cv01858 (D. Conn. 1996).

5